Argued May 2, affirmed May 23, 1977

In the Matter of the Dissolution of the Marriage of
WEISER, *Appellant,*
*and*
WEISER, *Respondent.*
(No. 76-137-E, CA 7891)
564 P2d 737

Robert S. Hamilton, Klamath Falls, argued the cause for appellant. With him on the brief was Arthur A. Beddoe, Beddoe & Hamilton, Klamath Falls.

Bradford Aspell, Klamath Falls, argued the cause for respondent. With him on the brief was Boivin, Boivin & Aspell, Klamath Falls.

[ 549 ]

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Husband appeals the dissolution of marriage decree contending the award of spousal and child support is excessive. The parties were married ten years and had three children, ages four, seven and eight. The marital property consisted only of an automobile, equity in the family residence and some miscellaneous furniture and personal property of little value. The automobile was awarded to the husband and the equity in the house was given equally to the parties as tenants in common. Wife was given custody of the children and exclusive right to occupy the house until either the youngest child reached majority or was emancipated or until she remarried or voluntarily moved from the residence. The house was purchased in 1969 for $8,300 and has since been extensively remodeled. Its present value is approximately $22,500. The mortgage payment is $80 per month.

The decree provided for child support of $150 per each child for a total of $450 per month and awarded wife $40 per month as spousal support. The trial court explained the spousal support was to reimburse the wife for one half of the house payment. Accordingly, the spousal support was to continue as long as she occupied the house.

The husband, 31 years old, is employed in a lumber mill as a beginning foreman. He anticipates he will advance in the company. He presently earns $1,350 per month and has a net take home pay of $968. In 1975 he received a bonus of $300, however, the record does not indicate if he anticipates any further bonuses. He lists his expenses as approximately $752 per month.

The wife is 27 years old and had begun employment just prior to the decree as a check-out clerk in a K-Mart store. Her take home pay is $340 per month. She lists the expenses of herself and the children as approximately $793 per month, however, it appears from the testimony an item of $90 per month for

[ 551 ]

kindergarten is properly included in another expense item for baby-sitting; consequently, her budget is actually $703 per month.

Husband does not contend the child support award is in excess of the reasonable needs of the children. He contends that after paying $450 per month he is not left with sufficient funds to cover his own expenses.

■ The husband has far greater earning capacity than the wife and a greater potential for advancement and increased income. It is not unreasonable that he be required to shoulder a greater financial burden of child support. A person living alone, as is the husband in this case, has more flexibility in his lifestyle to adjust to a reduced income than a custodial parent who must care for three young children. The wife's projected budget appears to be a reasonable minimum for proper care of the children. We find the child support award is reasonable.

■ Regarding the spousal support award of $40 per month, husband asserts that since the wife is benefitting from the use of the house she should be required to make the full house payment. This ignores the fact the husband is also benefitting from the residence as a tenant in common. The wife will be required to pay $40 per month toward the mortgage reduction and to pay for maintenance and upkeep, insurance and additional taxes not covered in the present mortgage payment. As the occupying tenant in common she holds the property for the benefit of both tenants and she cannot allow waste or deterioration of the asset beyond normal wear and tear. It follows her contributions toward preservation of this asset will be greater than that of the husband. Under these circumstances it is not unreasonable to require the husband to reimburse the wife for one half of the mortgage payment as long as she occupies the residence under the terms of the decree.

Affirmed. No costs to either party.